WILLIAM YOUMANS *v.* MARCUS L. TERRY ON RELATION OF ALEXANDER NEISH, RESPONDENT, FOR A PEREMPTORY. MANDAMUS AGAINST JOHN CRAWFORD, SHERIFF, THEODORE TERRY, APPELLANT, IMPLEADED, ETC.

*Sale under execution — redemption by another judgment creditor — the whole amount of the first bid must be paid.*

June 15, 1874, one Youmans recovered a judgment against Marcus L. Terry for $716.53, under which real estate belonging to Terry was on October 7, 1882, sold by the sheriff to Youmans. In 1879 Terry brought an action to have the said judgment set aside, in which action a judgment was rendered on August 7, 1883, affirming the former judgment and finding that there was then due thereon $768.53. January 7, 1884, Youmans assigned the sheriff's certificate of sale to Theodore Terry, and also assigned to him the judgment for costs recovered in the last action.

August 19, 1874, one Griswold recovered a judgment against Marcus L. Terry, which in 1876 he assigned to Neish. January 7, 1884, Neish paid $832.07 to the sheriff and claimed to redeem from the sale to Youmans.

*Held,* that in order to entitle him to redeem he should have paid to the sheriff not only the amount due upon the judgment under which the sale was made, but the amount bid by the purchaser thereat, with interest, even though the purchaser was the judgment creditor, and although the amount bid at the sale exceeded the amount due upon the judgment.

APPEAL from an order made at a Special Term, granting a peremptory writ of *mandamus* commanding the sheriff to execute and

deliver to one Alexander Neish the usual sheriff's deed of certain premises sold by him under and by virtue of an execution against Marcus L. Terry and in favor of William Youmans.

*William & J. B. Gleason,* for the appellant.

*Youmans, Adee & Youmans,* for the respondent.

LEARNED, P. J.:

The order appealed from is peculiar in its form. It is entitled as above. It was made upon the return of an order in this cause directing the sheriff to show cause why he should not execute a deed of land named in a certificate of sale. But the form of the order is to direct a peremptory *mandamus* to issue out of the court and under its seal. There was then no notice of motion or order to show cause why a *mandamus* should not issue. (Sec. 2070). And a *mandamus* being what is now called a State writ, and issuing in the name of the people, should, as we think, have been applied for in a distinct and separate proceeding. An order directing the sheriff to execute the deed might, we suppose, be made in this pending action if the moving party was entitled to it. Or if, on the other hand, the matter was not one as to which the court which issued the execution could properly control the sheriff, and *mandamus* was the proper remedy, then the proceeding should have been instituted specifically for that writ.

William Youmans recovered a judgment June 15, 1874, against Marcus L. Terry, for $716.53, and by virtue thereof the sheriff, on October 7, 1882, sold certain land to Youmans for $1,000, and gave him the certificate.

In 1879 Terry brought an action against Youmans to set aside the judgment. August 7, 1883, that action was decided and judgment rendered delaring the former judgment valid, and that there was still owing thereon $768.55, with interest from August 1, 1883. January 7, 1884, Youmans assigned his certificate of sale to Theodore Terry, and also assigned to said Theodore Terry à judgment in favor of Youmans against Marcus L. Terry for $234.91 costs in the suit last mentioned.

August 19, 1874, one Griswold recovered a judgment against Marcus L. Terry for $495.53, and in 1876 assigned it to Alexander

Neish. January 7, 1884, being the last day for a judgment creditor to redeem from the Youmans sale, Neish paid the sheriff $832.07 for the redemption and filed the necessary papers. The sheriff is ready to execute a deed, but does not know to whom it should be executed. Neish claims the deed by virtue of this redemption. Theodore Terry claims it by virtue of the assignment of the certificate, and insists, among other things, that the amount paid to the sheriff was not enough.

It is insisted that when Theodore Terry took the assignment from Youmans he said he was doing so for Marcus L. Terry. That is immaterial. If equitably Marcus L. Terry owned this certificate, his creditors must enforce their claim in some other way than this. The redemption of the land is a purely legal matter. And as the assignment of the certificate was to Theodore, we have nothing to do, in this proceeding, with the question for whom he was acting. He succeeded to Youmans' rights as purchaser at the execution sale. He became entitled, therefore, to all the benefits which a purchaser at the sale would have enjoyed.

The judgment creditor, in order to redeem, must pay the sum of money which was paid on the sale, with interest. (Code, § 1450.) That sum was $1,000. Whether or not there was an actual payment is immaterial on this point. If the purchaser had actually paid the sheriff $1,000, the sheriff would have had to repay it to the judgment creditor, who was the purchaser, because the amount of the judgment, with interest, then exceeded the bid of $1,000.

A piece of property, not divisible, might sell at such a sale for more than the amount of the execution. But very plainly a judgment creditor who should seek to redeem from the purchaser would have to pay the whole bid and interest, not merely the amount of the judgment. This would be equally true whether the judgment creditor or some other person were the purchaser at the sale. Any other rule would work great injustice. The purchaser is entitled to the benefit of his purchase, unless the owner or some judgment creditor redeems. This right of redemption is really a privilege to the owner and judgment creditors to bid more if they choose to do so. Youmans did not assign to Theodore Terry the judgment on which the sale was made. And Theodore Terry was therefore only the assignee of the purchaser at the sale.

But it is said that after the sale a judgment was rendered in favor of Marcus L. Terry against Youmans, deciding that the amount owing on the judgment in this action was less than the recovery. We do not see that this should affect the present question. Marcus L. Terry in that action did not restrain the sale, as he probably might have done. When final judgment was rendered therein the sale had been made. He did not have it set aside, nor did he claim that Youmans should refund to him the amount of the bid, less the amount due on the judgment, or in default of that relief that Youmans should surrender the certificate. The certificate then remained good in the hands of Youmans. It was issued on a sale upon a valid judgment, and when the sale was made there was nothing to pay upon the sale, because the bid was less than the amount of the judgment.

The assignment of the certificate to Theodore Terry carried with it all the rights which the purchaser acquired at the time of the bid. That right was to have a deed of the premises, unless within the proper time some person, having a legal right to do so, should redeem by paying the amount for which the property was sold, with interest. The certificate itself shows that the premises were sold for $1,000, and that that was the whole consideration paid.

Nor do we see that the rights of Neish were changed by anything said in the assignment of the certificate from Youmans to Theodore Terry. The duty of Neish was to pay the amount bid, with interest, and it was immaterial to him who owned the certificate or what were the terms of the transfer.

Nor was it of any consequence whether or not, at the time of the redemption by Neish, Theodore Terry had caused the assignment of the certificate to be recorded. It is true that before he could be entitled to the deed he must have his certificate recorded. (Sec. 1474.) And he had done so before the hearing of the motion. But the neglect to record the certificate in no way changed the amount which Neish, as a judgment creditor, was required to pay in order to redeem.

Another point made is that the affidavit presented by Neish to the sheriff, in order to redeem, did not give the true amount remaining unpaid on his judgment. (Sec. 1464.) The affidavit gives the judgment as $495.51, August 19, 1874; states that the whole prin-

·cipal and interest are unpaid and that there is due, January 7, 1884, $849.40. According to the computation of interest at seven per cent, the true amount would seem to be $820.98 ; at seven per cent to January 1, 1880, and six per cent after, $801.06. It seems, also, by a referee's report, that about twenty-one dollars had been paid on this judgment. We do not think it necessary to decide whether these errors vitiated the attempt to redeem. The other point seems to us sufficient.

We think, therefore, that the order should be reversed, with costs of appeal, under section 3240 ; that the motion of Neish should be denied, with ten dollars costs, and that the sheriff should be ordered to execute and deliver the deed to Theodore Terry.

Present — LEARNED, P. J. ; BOCKES and BOARDMAN, JJ.

Order reversed with costs of appeal, under section 3240, and motion of Neish denied, with ten dollars costs, and sheriff directed to execute deed to Terry.